**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**Alexandria Division**

| | |
|---|---|
| **SONOMEDICA, INC.,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| vs. | )   **Case No. 1:08cv230** |
| | ) |
| **SAILOR H. MOHLER** | ) |
| **And** | ) |
| **SAILOR C. MOHLER** | ) |
| | ) |
| **Defendants.** | ) |

**PLAINTIFF'S MOTION TO LIFT STAY AND TO IMPOSE SANCTIONS
AGAINST THIRD PARTY WITNESSES KERRY POINDEXTER, VALERIE
POINDEXTER AND OVERFLOW PROPERTIES**

Plaintiff, SonoMedica, Inc., by counsel, hereby requests that the Court enter an

Order lifting the October 1, 2008 Order staying the above referenced case and removing

it from the active docket for the limited purpose of having the Court determine the issue

of sanctions against third party witnesses Kerry Poindexter, Valerie Poindexter and

Overflow Properties, all of whom were found to be in contempt of Court on September

12, 2008. Among the relief sought by plaintiff are substantial monetary sanctions to be

paid to plaintiff for its attorney fees and costs related to the contempt matter and the

substantial litigation costs that were expended by plaintiff due to the contemptuous

actions of the Poindexters and Overflow Properties (approximately $97,000), as well as

additional sanctions.

In addition to the facts already before the Court, Plaintiff also wishes to bring to

the court's attention that subsequent to the Court's findings of contempt on September

12, 2008 and its Order requiring that Kerry Poindexter and his wife, Valerie Poindexter

deliver their computers to plaintiff's counsel on September 15, 2008, and that "they may

not touch the computer except to turn them off between now and then," the Poindexters

did not abide by this Court's instruction by admittedly using the computer throughout the

intervening time period.[1] Moreover, plaintiff's forensic examination by Sensei

Enterprises has disclosed that  approximately 22,603 files/folders were affected by the

computer being operational[2] after the hearing before this Court on September 12, 2008

and prior to the Poindexters' delivering their computer to plaintiff's counsel on

September 15, 2008. While the Poindexters denied at their deposition that they had any

knowledge regarding the deleting of any files, they admitted to using the computer.

Moreover, Sensei has determined that at least 609 of the 22,603 file/folders affected by

the computer being operation, were **deletions** that were done **manually**, "user initiated,"

and were **not** the result of any automatic electronic application initiated by the system.

See Exhibit 1. Finally, it has come to plaintiff's attention, after the Poindexters'

deposition, that a few days prior to his scheduled deposition, Kerry Poindexter contacted

defendant Sailor H. Mohler and offered to immediately pay him $5000, plus future

payments, if Sailor H. Mohler would filed his Petition in bankruptcy prior to the

Poindexters' depositions.[3]

---

[1] During her deposition Mrs. Poindexter testified that her counsel, Chester Banks, told them that notwithstanding the Court's Order they could use the computers but could not delete any files. Exhibit 11 (VP at 11).  Mr. Banks denies that he ever so instructed the Poindexters.

[2] According to Sensei, the activity ranged from Friday, September 12, 2008 at 7:15 pm to Monday, September 15, 2008 at 3:45 am (ending with the computer being shutdown). The activities included file/folder creation, modifications, access, deletion and MFT entry modification (both user initiated and system [no user intervention] initiated). Exhibit 1.

[3] Mohler did file a Petition in bankruptcy on September 26, 2008, and filed a suggestion in bankruptcy with this Court on September 29, 2008.  Mr. Poindexter's deposition took place on September 24, 2008.

In light of these additional actions by Kerry Poindexter, additional appropriate

sanctions are sought by plaintiff.

Plaintiff submits the attached Memorandum in support of this Motion.

## **RULE 37 CERTIFICATION**

I hereby certify that prior to filing this matter, I, in good faith, conferred with
Chester Banks, present counsel for Kerry and Valerie Poindexter and Overflow
Properties, by telephone regarding the substance of this Motion without success in
resolving this matter. Moreover, on December 30, 2008 and January 2, 2009, prior to
filing this Motion and Memorandum, I spoke with attorney William F. Krebs, Bean
Kinney & Korman, PC, 2300 Wilson Blvd., 7th Floor, Arlington, Va. 22201, 703-525-
4000; wkrebs@beankinney.com,  who informed me that he has been retained to represent
Kerry Poindexter, Valerie Poindexter and Overflow Properties regarding this matter, and
that upon this matter being placed on the active docket he will enter an appearance on
their behalf.  Mr. Krebs also informed me that upon entering his appearance he will
consent to the Court lifting the stay in this matter as to this Motion, although he contests
the substance of the Motion and Requested Relief and that he will request an evidentiary
hearing on the matter.

                                    _____/s/_____
                                    Michael S. Lieberman
                                    Virginia State Bar No. 20035
                                    *Attorney for Plaintiff, SonoMedica, Inc.*
                                    DiMuroGinsberg, P.C.
                                    908 King Street, Suite 200
                                    Alexandria, VA 22314
                                    (703) 684-4333
                                    (703) 548-3181 (Fax)
                                    mlieberman@dimuro.com

Respectfully submitted,

SonoMedica, Inc., Plaintiff
By Counsel

_____/s/_____

Michael S. Lieberman
Virginia State Bar No. 20035
*Attorney for Plaintiff, SonoMedica, Inc.*
DiMuroGinsberg, P.C.
908 King Street, Suite 200
Alexandria, VA 22314
(703) 684-4333
(703) 548-3181 (Fax)
mlieberman@dimuro.com

## CERTIFICATE OF SERVICE

I hereby certify that on this 2ND day of January  2009, a true and accurate copy of the foregoing was sent via electronic mail using the court's CM/ECF system, which will send a notification of such filing (NEF) to the following:

Tameka M. Collier, Esquire
Troutman Sanders, LLP
401 9th Street, N.W.
Washington, DC 20004-2134

Stephen C. Piepgras, Esquire
William H. Hurd, Esquire
Ashely L. Taylor, Jr. Esquire
Troutman Sanders, LLP
1001 Haxall Point
Richmond, VA 23219
**Counsel for Defendants Sailor H. Mohler and Sailor C. Mohler**

Chester Banks, Esq.
3158 Golansky Blvd., Ste 201
Woodbridge, VA  22192-4227
**Counsel for Kerry and Valerie Poindexter and Overflow Properties**

_____/s/_____

Michael S. Lieberman
Virginia State Bar No. 20035
*Attorney for Plaintiff, SonoMedica, Inc.*
DiMuroGinsberg, P.C.
908 King Street, Suite 200
Alexandria, VA 22314
(703) 684-4333
(703) 548-3181 (Fax)
mlieberman@dimuro.com