IN THE UNITED STATES DISTRICT COURT FOR
THE EASTERN DISTRICT OF VIRGINIA
Alexandria, Virginia

| | |
|---|---|
| **Sonomedica, Inc.** ) | |
| ) | |
| ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 1:08cv230 |
| ) | |
| **Sailor Mohler, et al.** ) | |
| ) | |
| Defendants. ) | |
| ) | |

**REPORT AND RECOMMENDATION**

This matter is before the court on plaintiff's Motion for Sanctions Against Third Party Witnesses Kerry Poindexter, Valerie Poindexter, and Overflow Properties, LLC (docket no. 171). The magistrate judge finds that sanctions are warranted against Kerry Poindexter, Valerie Poindexter, and Overflow Properties, jointly and severally, and recommends that they pay attorneys' fees and costs to plaintiff in the amount of $108,212.50.

**PROCEDURAL AND FACTUAL SUMMARY**

The present motion arises in a breach of fiduciary duty case. Plaintiff Sonomedica, Inc. alleges that its employees, Sailor H. Mohler and Sailor C. Mohler, agreed to transfer ownership and rights in Sonomedica's "Cardiosond" product[1] to an unnamed investor group without

---

[1] The Cardiosond is a medical device intended for use by primary care physicians to detect cardiovascular disease in its early stages. Pl.'s Compl. p. 1. While defendants worked on developing the Cardiosond for Sonomedica, the terms of their employment agreement indicated that all intellectual property rights in the Cardiosond belonged to Sonomedica. Pl.'s Compl. p. 1.

Sonomedica's consent.  Pl.'s Compl. p. 1.

On August 15, 2008, plaintiff filed a Motion for Order to Show Cause Against Valerie Poindexter and Overflow Properties[2] for Failure to Comply with a Subpoena *Duces Tecum* (docket no. 108) and a Motion for Order to Show Cause Against Kerry Poindexter for Failure to Comply with a Subpoena *Duces Tecum* and for Perjury During his Deposition (docket no. 114). In its motion, plaintiff requested that the court permit it to examine the Poindexters' computer for any documents not produced pursuant to the subpoenas *duces tecum*  (docket no. 109, p. 1, docket no. 115, p. 1). On August 22, 2008, the magistrate judge issued two orders to show cause (docket nos. 123, 125) directing both Valerie and Kerry Poindexter to appear in court on September 5, 2008 to show cause why they should not be held in contempt of court for failing to comply with the subpoenas *duces tecum*.  The matter was continued by the court until September 12, 2008 (docket no. 138).

On September 12, 2008, the magistrate judge found that Kerry Poindexter, Valerie Poindexter, and Overflow Properties were in contempt.  September 12, 2008 Tr. at p. 7. Specifically, the magistrate judge found that the Poindexters and Overflow Properties did not comply with the subpoenas *duces tecum*.  In addition, the magistrate judge found that the Poindexters failed to tell the truth during their depositions.  *Id.*  Accordingly, the magistrate judge ordered the Poindexters, in their presence, to "each submit to reopened depositions for one or more additional sessions as may be necessary [and] to deliver their computers [sic] to Mr. Lieberman's office not later than ten o'clock Monday morning." Tr. at p. 7-8.  The magistrate judge explicitly ordered the Poindexters not to touch their computer except to turn it off and

---

[2] Overflow Properties, LLC is the name of Valerie Poindexter's company.

immediately deliver it to Mr. Lieberman's office for inspection. Tr. at p. 8. To ensure that the Poindexters either complied with the court's order or faced the consequences, the magistrate judge scheduled two hearings in front of Judge Lee. Tr. at p. 9. The magistrate judge observed that while he did "not have the power to jail someone for contempt. Judge Lee does." *Id*. The magistrate judge found that the Poindexters could purge themselves of the contempt by telling the truth at their redeposition and by delivering all of the documents that the subpoenas required them to produce. In providing the Poindexters with this opportunity, the magistrate judge responded to the Poindexters' counsel's question whether the parties would purge themselves of contempt by "participating in the redeposition" by stating:

> Not by participating, not merely by participating, but [by] having produced everything that the subpoena required them to produce and by having testified truthfully at the depositions. Merely showing up is not going to be enough to purge anyone of contempt.

Tr. at p. 12.

Further, the magistrate judge ordered the Poindexters, in their presence, to deliver their computer to Mr. Lieberman's office by ten o'clock a.m. on September 15, 2008 and stated that they may not touch the computer in the interim except to turn it off:

> And, and they may not touch the computers except to turn them off between now and then. They may not do anything that would cause any file to be erased on the computer or changed in any way beyond what might happen through the ordinary, everyday act of turning off the computer.

Tr. at p. 8.

On Monday morning September 15, 2008, the Poindexters delivered their computer to Mr. Lieberman's office (docket no. 172 at p. 4). On September 17, 2008, Mr. Lieberman enlisted

the services of Sensei Enterprises ("Sensei") to conduct a forensic examination of the computer. *Id.* at p. 5. After conducting the forensic examination, Sensei determined that the computer was not shut off until approximately four o'clock a.m. on September 15, 2008 and that approximately 22,603 files/folders were affected as a result of the computer being operational from September 12, 2008 through September 15, 2008. *Id.* Sensei later determined that of the 22,603 files/folders affected, 556 were deleted manually by the computer's user during the time period September 12 through September 15 and these deletions were not the result of any automatic electronic application initiation by the computer's operation system. *Id.* Sensei was able to recover some of the deleted files and many of the deleted files recovered referenced Sonomedica. *Id.* at p 5-6.

Thereafter, on September 24, 2008, Valerie Poindexter appeared for a new deposition. *Id.* at p. 6. She did not bring any of the documents responsive to the subpoena issued to Overflow Properties with her. *Id.* During the deposition, Ms. Poindexter stated that she did not delete any of the files on the computers, but acknowledged that she had used the computer from September 12, 2008 through September 15, 2008. *Id.* Ms. Poindexter claimed that her attorney, Chester Banks, told her that she could use the computers, despite the fact that she was present in the courtroom during the September 12, 2008 hearing to hear the magistrate judge's clear directive not to touch the computer except to turn it off. *Id.* at p. 7.

Kerry Poindexter was also deposed on September 24, 2008 and readily acknowledged that his wife had used the computer from September 12, 2008 to September 15, 2008. *Id.* at p. 11-12. During the deposition, Mr Poindexter stated that he understood the magistrate judge's ruling on September 12, 2008 to mean that neither he nor his wife could delete any of the files on

the computer, but could still use the computer to pay bills and check bank accounts. *Id*. at p. 12. In addition, Mr. Poindexter stated that he did not touch the computer or delete any files between September 12, 2008 and September 15, 2008. *Id*. at p. 11.

On September 26, 2008, defendants Sailor H. Mohler and Sailor C. Mohler, filed for bankruptcy in the District of Maryland. On September 29, 2009, they filed a notice to that effect (docket no. 157). This court stayed the case on October 1, 2008 and removed it from the active docket (docket no. 158). As a result, the two contempt of court hearings for Valerie and Kerry Poindexter scheduled in front of Judge Lee did not occur.

However, on January 2, 2009, plaintiff filed a Motion to Lift the Stay Against Third Party Witnesses Kerry Poindexter, Valerie Poindexter, and Overflow Properties (docket no. 168), which was granted on January 14, 2009 (docket no. 176). Also on January 2, 2009, Plaintiff filed the present Motion for Sanctions Against Third Party Witnesses Kerry Poindexter, Valerie Poindexter, and Overflow Properties (docket no. 171).

During the February 6, 2009 hearing on the motion, the magistrate judge found the Poindexters in contempt for a second time.

> I can and do find this morning based on the uncontested part of what's been represented to me by counsel, that in addition to the contempt that I have previously found, Mr. And Mrs. Poindexter are both in contempt as a result of their willful defiance of my orders and their testimony which was, to say no more, knowingly inaccurate at their depositions.

(docket no. 181, exhibit A, February 6, 2009 Tr. at p. 28).

Moreover, based on the Poindexters' willful defiance of the court's order, the magistrate judge found that, in addition to monetary sanctions, the Poindexters may be subject to additional

penalties to punish their wrongful conduct.

> I am ready as I sit here to recommend to Judge Lee that all the fees that were reasonably incurred with respect to Mr. And Mrs. Poindexter and Overflow basically from the time the first subpoena was issued should be borne by Mr. and Mrs. Poindexter. I am bordering on a finding that would result in me recommending to Judge Lee that he refer the matter to the United States Attorney for prosecution for criminal contempt and perjury.

*Id*.

The court then ordered the Poindexters to deposit $100,000 in the registry of the court to secure plaintiff for whatever fees the court ultimately awards and ordered the parties to file supplemental briefs addressing the amount of fees to which plaintiff is entitled. Tr. at p. 28-29.

## FINDINGS

The magistrate judge finds that the Poindexters are in civil contempt and recommends that, under these circumstances, sanctions for civil contempt are warranted. The magistrate judge also finds that the matter should be referred to the United States Attorney for criminal contempt proceedings. In so finding, the magistrate judge notes that purpose for imposing sanctions for civil contempt is to "compensate the complainant for losses sustained." *Buffington v. Baltimore County*, 913 F.2d 113, 133 (4th Cir. 1990). On the other hand, criminal contempt sanctions are intended "to vindicate the authority of the court by punishing the contemnor and deterring future litigants' misconduct." *Bradley v. American Household, Inc.*, 378 F.3d 373, 378 (4th Cir. 2004) (quoting *Buffington*, 913 F.2d at 133). In this case, the magistrate judge finds that the plaintiff should be compensated by the Poindexters for the losses it sustained and that the Poindexters should be punished for their willful defiance of this court's orders.

A court may enforce and punish willful violations of its orders with its contempt powers.

*Columbus-America Discovery Group v. Atlantic Mut. Ins. Co.*, 203 F.3d 291, 303 n.5 (4th Cir. 2000). The court's contempt power extends to non-parties who fail to comply with subpoenas. Federal Rule of Civil Procedure 45(e) provides that "[t]he issuing court may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena." Fed. R. Civ. P. 45(e). After finding that a party is in civil contempt, the court has broad discretion is fashioning the appropriate remedy, which can include "ordering the contemnor to reimburse the complainant for losses sustained and for reasonable attorney's fees." *Buffalo Wings Factory, Inc. v. Mohd*, 574 F. Supp. 2d 574, 577 (E.D.Va. 2008) (quoting *United States v. United Mine Workers of America,* 330 U.S. 258, 303-04 (1947)).

Here, the Poindexters, on two occasions were in contempt of court. First, on September 12, 2008, the court found that the Poindexters were in contempt because they failed to provide documents pursuant to the subpoenas *duces tecum*.[3] September 12, 2008 Tr. at p. 7. In addition, the magistrate judge found that Kerry Poindexter was less than truthful during his first deposition. Thereafter, this court gave the Poindexters every opportunity to purge themselves of the contempt. However, despite this court's clear orders on September 12, 2008 to provide the documents, to tell the truth during their re-deposition, and to turn over their computer to plaintiff without touching it except to turn it off and bring it to plaintiff, the Poindexters did not bring the required documents to their re-deposition, did not tell the truth during their re-depositions, used the computer to check their bank accounts and pay bills, and deleted over 500 files from their

---

[3] Some of the documents sought by plaintiff pursuant to the subpoenas were located on the Poindexters' computer. As a result, plaintiff asked the court to order the Poindexters to turn over their computer so that plaintiff could look for any documents responsive to the subpoenas that the Poindexters did not voluntarily provide.

computer, many of which referenced plaintiff and were relevant to its cause of action.

Accordingly, on February 6, 2009, the magistrate judge, for a second time, found the Poindexters in contempt for failing to comply with the magistrate judge's order on September 12, 2008.  Not only did the Poindexters turn a blind eye to this court's authority, but also caused plaintiff to incur substantial attorneys' fees and costs.  While the Poindexters could have provided the documents pursuant to the subpoenas, a rather simple and ordinary task, they nevertheless chose to put plaintiff through its paces, forcing it to file motions, appear at four or more hearings, take extra depositions, and enlist the services of a forensic examiner to recover deleted computer files all in an effort to obstruct plaintiff's pursuit of discovery.  Accordingly, plaintiff should be "compensated for the losses it sustained" as a result of the Poindexters' flagrant disregard of the discovery process.  *Buffington,* 913 F.2d at 133.

"A court may impose sanctions for civil contempt."  *Comer v. Kraft Foods N. Am., Inc.*, 390 F.3d 812, 821 (4th Cir. 2004).  Such sanctions include ordering the contemnors to reimburse the complainant for losses sustained and to pay the complainant's reasonable expenses including attorneys' fees.  *Buffalo Wings Factory, Inc. v. Mohd*, 574 F. Supp. 2d at 577.  The magistrate judge finds that under these circumstances, it is appropriate to impose sanctions, in the form of attorneys fees and costs, on the Poindexters for their initial willful defiance of this court's order to provide the documents pursuant to the subpoenas.  In addition, the magistrate judge finds that sanctions, in the form of attorneys' fees and costs, should be imposed against the Poindexters for their willful defiance of this court's order on September 12, 2008, not to touch the computer except to turn it off.  The Poindexters' not only continued to use the computer after this court ordered them not to touch it, but also manually deleted files relevant to Sonomedica's case.

Moreover, the Poindexters were less than truthful when asked during their re-deposition if either one of them deleted files. As a result, plaintiff is entitled to recover all of its expenditures related to the Poindexter aspect of the case.

The magistrate judge also finds that the matter should be referred to the United States Attorney for criminal contempt proceedings. As noted above, criminal contempt sanctions are necessary to vindicate the court's authority by punishing the contemnor and deterring future misconduct. *Bradley*, 378 F.3d at 378. Here, the Poindexters should be punished for their blatant disregard of the court's authority and to deliver the message, both to them and others, that there are serious consequences for failing to comply with the court's directives. *Id*.

### ATTORNEYS' FEES AND COSTS

Plaintiff's counsel avers under oath that the following is an accurate representation of the attorneys' fees and costs incurred because of the events discussed above:

| **Costs and Attorneys' Fees in Connection with the Preparation and Taking of Kerry Poindexter's First Deposition and Subsequent Review** | | | |
|---|---|---|---|
| **Service** | **Rate** | **Time Used** | **Cost** |
| Counsel #1 | $350.00 | 19.35 | $6,772.50 |
| Legal Assistant | $125.00 | 19.45 | $2,431.25 |
| **Total** | | | **$9,203.75** |

| **Costs and Attorneys' Fees Pertaining to Kerry Poindexter's Second Deposition and Valerie Poindexter's Deposition on September 24, 2008** | | | |
|---|---|---|---|
| **Service** | **Rate** | **Time Used** | **Cost** |
| Counsel #1 | $350.00 | 15.6 | $5,460.00 |
| Legal Assistant | $125.00 | 17 | $2,125.00 |
| **Total** | | | **$7,585.00** |

| Costs and Attorneys' Fees in Connection with Plaintiff's Motion to Show Cause Filed Against Valerie and Kerry Poindexter and Overflow Properties | | | |
|---|---|---|---|
| **Service** | **Rate** | **Time Used** | **Cost** |
| Counsel #1 | $350.00 | 40.6 | $14,210.00 |
| Counsel #2 | $350.00 | 2.75 | $962.50 |
| Legal Assistant | $125.00 | 33.25 | $4,156.25 |
| **Total** | | | **$19,328.75** |

| Costs and Attorneys' Fees in Connection with Plaintiff's Motion to Lift Stay and Sanctions | | | |
|---|---|---|---|
| **Service** | **Rate** | **Time Used** | **Cost** |
| Counsel #1 | $350.00 | 64.45 | $22,557.50 |
| Counsel #2 | $350.00 | 22.1 | $7,735.00 |
| Counsel #3 | $350.00 | 0.8 | $280.00 |
| Counsel #4 | $250.00 | 2.9 | $725.00 |
| Counsel #5 | $250.00 | 17.7 | $4,425.00 |
| Legal Assistant | $125.00 | 23.5 | $2,937.50 |
| Legal Assistant | $125.00 | 1.1 | $137.50 |
| **Total** | | **132.55** | **$38,797.50** |

| Other Costs and Attorneys' Fees Related to the Poindexters | | | |
|---|---|---|---|
| **Service** | **Rate** | **Time Used** | **Cost** |
| Counsel #1 | $350.00 | 15.7 | $5,495.00 |
| Counsel #2 | $350.00 | 9.4 | $3,290.00 |

| | | | |
|---|---|---|---|
| Counsel #3 | $350.00 | 0.5 | $175.00 |
| Legal Assistant | $125.00 | 35.7 | $4,462.50 |
| **Total** | | | **$13,422.50** |

| Total Attorneys' Fees | |
|---|---|
| | $9,203.75 |
| | $7,585.00 |
| | $19,328.75 |
| | $38,797.50 |
| | $13,422.50 |
| **Total** | **$88,337.50** |

| Costs | |
|---|---|
| Computer Examiner Fee | $16,421.66 |
| Court Reporter Fees | $917.40 |
| Deposition Fees | $1,513.10 |
| Court Fees | $561.00 |
| Court Transcript Fees | $187.55 |
| Service of Process Fees | $155.00 |
| Copying Costs | $118.94 |
| **TOTAL** | **$19,874.65** |

| Total Amount Due | |
|---|---|
| **Attorneys' Fees** | **$88,337.50** |
| **Costs** | **$19,874.65** |
| **Total** | **$108,212.15** |

Plaintiff bears the burden of proving that the attorneys' fees requested are reasonable. *Robinson v. Equifax*, 560 F.3d 235, 244 (4th Cir. 2008). To establish the reasonableness of the fee, the applicant must submit "specific evidence of the prevailing market rates in the relevant community for the type of work for which he seeks an award." *Id.*

Here, however, the Poindexters do not contest the reasonableness of plaintiff's counsel's fees. *See* Docket no. 181 p. 3 ("Counsel for the plaintiff understands that counsel for the Poindexters is not contesting the reasonableness of the rates charged by plaintiff's counsel's law firm, or that any indicated activity was not in fact performed.). Accordingly, the magistrate judge finds that plaintiff need not submit specific evidence of the prevailing market rates in the Eastern District of Virginia.

The Poindexters do dispute the extent of the work for which plaintiff seeks reimbursement. They argue in particular that one of the two depositions would have been necessary anyway, and that some of the forensic work obtained by plaintiff could have been avoided.

However, as discussed in colloquy from the bench, the magistrate judge disagrees with both assertions. The Poindexters' dishonesty so infected the depositions that they should not be allowed to require plaintiff, or the court, to estimate what small part, if any, of the expenses should be borne by plaintiff. And, where their dishonesty was so clearly established, it would have been irresponsible for plaintiff's forensic expert to rely on their answers to the questions they now claim he should have asked.

The magistrate judge has examined the whole record and considered plaintiff's fee submission in detail. The magistrate judge finds that all of the work done and expenses incurred

were made necessary by the contemnors' conduct, and the amount sought is reasonable compensation for effort necessarily expended to enforce plaintiff's rights.

## **RECOMMENDATION**

The magistrate judge recommends that sanctions, in the form of attorneys' fees and costs, be imposed on Kerry and Valerie Poindexter, jointly and severally, in the amount of $108,212.15. The magistrate judge also recommends that the matter be referred to the United States Attorney for criminal contempt proceedings.

## **NOTICE**

By means of the court's electronic filing system, and by mailing copies of this report and recommendation to the parties at their addresses for service of process, the parties are notified as follows. Objections to this report and recommendation must be filed within ten (10) days of service on you of this report and recommendation. A failure to file timely objections to this report and recommendation waives appellate review of the substance of the report and recommendation and waives appellate review of a judgment based on this report and recommendation.

/s/
Thomas Rawles Jones, Jr.
United States Magistrate Judge

May 6, 2009
Alexandria, Virginia