IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION

```
                            FILED

                          JUL 28 2009

                   CLERK, U.S. DISTRICT COURT
                     ALEXANDRIA, VIRGINIA
```

SonoMedica, Inc.,          )
        Plaintiff,         )
                           )
    v.                     )      Case No. 1:08-cv-230 (GBL)
                           )
Sailor Mohler, et al.      )
        Defendants.        )
                           )

## Memorandum Order

THIS MATTER is before the Court on the May 6, 2009, Report and Recommendation of Magistrate Judge Thomas Rawles Jones, Jr. regarding Plaintiff SonoMedica's Motion to Impose Sanctions against Third Party Witnesses Kerry Poindexter, Valerie Poindexter, and Overflow Properties, LLC. This case concerns Magistrate Judge Jones' recommendation that the Court enter an order imposing sanctions, in the form of attorney's fees and costs, on Kerry Poindexter and Valerie Poindexter and that the matter be referred to the United States Attorney for criminal contempt proceedings. The Poindexters were found in civil contempt, for a second time, for failing to comply with the Magistrate Judge's Order to Compel Discovery on September 12, 2008. The Poindexters and Overflow Properties, LLC, filed an Objection to this Report and Recommendation. The Court held a hearing on the matter on June 29, 2009 to consider the objections that the Poindexter's raised.

There are three issues before the Court.  First, whether Magistrate Judge Jones erred in finding the Poindexters in contempt of court for failing to comply with three different provisions of the September 12, 2008 Order to compel compliance with a subpoena.  The three Order provisions were: (1) compliance with the subpoena *duces tecum*; (2) being forthright and honest during the September 24, 2008 depositions; and (3) turning over their computer to SonoMedica's counsel Mr. Michael Lieberman without touching it, except to turn it off for a forensic examination.  Second, whether to follow Magistrate Judge Jones' recommendation this matter be referred to the United States Attorney to investigate into the possibility of criminal contempt proceedings.  Third, whether Magistrate Judge Jones erred in awarding sanctions in the amount of $108,212.15 against Mr. Kerry Poindexter and Mrs. Valerie Poindexter because many of SonoMedica's attorney's fees and costs would have been performed by SonoMedica's counsel regardless of the Poindexter's behavior.  The Court adopts Magistrate Judge Jones' Report and Recommendation and holds that Kerry and Valerie Poindexter are in contempt of court for failure to comply with Magistrate Judge Jones' September 12, 2008 Order by failing to supply the necessary documents in accordance with the subpoena at the September 24, 2008 deposition, for Mr. Poindexter failing to tell the truth during his second deposition, and for using their

2

computer causing spoilation of certain electronic files in defiance of Judge Jones' order.  The Court further holds that this case will be referred to the United States Attorney to investigate criminal contempt proceedings because the Court finds that the Poindexters willfully violated a court order by failing to produce documents in accordance with the court order, Mr. Poindexter failed to tell the truth during the September 24, 2008 deposition and for spoilation of certain files on their computer which were subject to production under the September 12, 2008 Order to Compel.  The Court adopts Magistrate Judge Jones' recommendation with respect to the sanctions amount because the Poindexters did not produce any evidence that the fees were not reasonably necessary.

## I. BACKGROUND

This matter involves Plaintiff SonoMedica, a start-up company that owns a technology used to perform a non-invasive detection of cardiovascular disease.  (Mem. in Resp. to Obj. 6.) Co-defendants Sailor H. and Sailor C. Mohler are accused of conveying this technology to third parties in violation of several statutes, contract obligations, and common law duties. (*Id.*)  The Poindexters were third party witnesses asked to

3

testify as to their involvement in facilitating the sale to these potential third party buyers.[1]

On September 12, 2008, Magistrate Judge Jones found the Poindexters in contempt for failure to comply with the subpoenas *duces tecum* and for failing to testify truthfully during their depositions. (Tr. Hr'g on Mot. Sept. 12, 2008 7. *SonoMedica Inc. v. Mohler*, 1:08cv230). The parties were ordered to submit to re-deposition and to deliver their personal computer to counsel for SonoMedica-- Mr. Lieberman. (*Id.* at 8) Magistrate Judge Jones indicated that the Poindexters could purge themselves of the contempt by testifying truthfully at the upcoming deposition and by delivering all of the documents required by the subpoenas. (*Id* at 12.)

After the Poindexters turned over their computer on September 15, 2008, a forensic examination of the computer revealed that 22,603 files/folders had been affected and that 556 were deleted manually. (R&R 4.) The Poindexters were re-deposed on September 24, 2008, and again they failed to bring documents with them to the deposition pursuant to the subpoena *duces tecum*. (*Id.*) On January 2, 2009, SonoMedica filed its

---

[1] The principal matter in this case involving Plaintiff SonoMedica and the Defendants Sailor H. Mohler and Sailor C. Mohler was settled on June 15, 2009

Motion for Sanctions Against Third Party Witnesses Kerry Poindexter, Valerie Poindexter, and Overflow Properties.

At the February 6, 2009 motion hearing, Magistrate Judge Jones found the Poindexters in contempt for a second time.  (*Id.* at 5.)  Based on Magistrate Judge Jones' finding of willful defiance, he recommended that the Poindexters be required to pay monetary sanctions and suggested that the United States Attorney investigate into the possibility of criminal sanctions.  (*Id.* 5-6.)  The Poindexters objected to the Report and Recommendation on May 26, 2009, and a hearing was held on the matter by Judge Lee on June 29, 2009.

## II. DISCUSSION

### A. Standard of Review

Federal Rule of Civil Procedure 72(b) provides that a magistrate judge may hear a dispositive motion, without the consent of the parties, and recommend the disposition of the matter to a district judge.  FED. R. CIV. P. 72(b).  A party must serve any objections to the magistrate judge's recommendation within ten days of being served with a copy of the order.  *Id.* The district judge to whom a case is assigned shall make a *de novo* determination of those portions of the magistrate judge's recommendation to which objection is made.  28 U.S.C. § 636 (2000).  The Court may accept, reject, or modify, in whole or in

part, the magistrate judge's findings or recommendations.  *Id.*
The Court may also request and receive further evidence on the
matter.  *Id.*

**B. Analysis**

   i. Contempt

    The Court adopts Magistrate Judge Jones' finding that the
Poindexters are in contempt of court for not complying with the
September 12, 2008 court order because the Poindexters failed to
comply with the subpoena *deuces tecum*, Mr. Poindexter failed to
tell the truth during his September 24, 2009 deposition, and the
Poindexters altered the contents of their computer.  "The
issuing court may hold in contempt a person who, having been
served, fails without adequate excuse to obey the subpoena."
FED. R. CIV. P 45(e).

> "To hold a party in civil contempt, the following four
> elements must be established by clear and convincing
> evidence: (1) the existence of a valid decree of which the
> alleged contemnor had actual or constructive knowledge; (2)
> that the decree was in the movant's 'favor'; (3) that the
> alleged contemnor by its conduct violated the terms of the
> decree, and had knowledge (at least constructive knowledge)
> of such violation; and (4) that [the] movant suffered harm
> as a result."

*Ashcraft v. Conoco, Inc.*, 218 F.3d 288, 301 (4th Cir. 2000)
(citing *Colonial Williamsburg Found. v. The Kittinger Co.*, 792
F. Supp. 1397, 1405-06 (E.D.Va. 1992), *aff'd*, 38 F.3d 133, 136
(4th Cir. 1994)).

On September 12, 2008 Magistrate Judge Jones issued an order requiring the Poindexters to comply with the initial subpoena *duces tecum* issued on June 3, 2008.  Pursuant to the subpoena, the Poindexters were required to produce to SonoMedica all documents related to any contact they had with Sailor H. Mohler and Sailor C. Mohler or companies listed in the subpoena. (June 3, 2008 Subpoena.)  Additionally, compliance with the September 12, 2008 Order, required Mr. Poindexter to submit to a re-deposition where he was required to testify truthfully, and relinquish their home computer to SonoMedica for forensic inspection, "without it being touched except to turn it off." (Tr. Hr'g on Mot. Sept. 12, 2008 8. *SonoMedica Inc. v. Mohler*, 1:08cv230).  Judge Jones stated this in unequivocal terms in the presence of the Poindexters.[2] Magistrate Judge Jones issued a valid decree on September 12, 2008 that the Poindexters had actual knowledge of, as evidenced by their presence in the court room when the terms of the order were dictated.  The decree was in the movant, SonoMedica's, favor, because it compelled the

---

[2] Magistrate Judge Jones indicated that the Poindexters may purge themselves of their contempt of Court "[n]ot by participating, not by merely participating, but by producing everything that the subpoena required them to produce and by having testified truthfully at the depositions.  Merely showing up is not going to be enough to purge anybody of contempt."  (Tr. Hr'g on Mot. Sept. 12, 2008 11-12.)

7

non-movants, the Poindexters, to comply with a court order to turn over evidence and to resubmit to depositions.

The contemnors violated the terms of the decree by failing to: (1) comply with the subpoena *duces tecum* by not producing any documents at the September 24, 2008 deposition; (2) failing to testify truthfully at their depositions; and (3) failing to turn over the computer without altering its contents. Mrs. Poindexter admitted in her September 24, 2008 deposition that she "didn't do anything" to comply with the subpoena's terms and relied on her husband. (Pl. Ex. 5: V.Poindexter tr. 15.)  Mr. Poindexter failed to bring the documents to his deposition as well. (R&R 7.)  Mr. Poindexter admitted in his September 24, 2008 deposition that he did not go through the files on his computer to look for documents because "he has a lot of documents related to other matters." (Pl. Ex. 4: K.Poindexter Tr. At 8-9.)  During the June 29, 2009 hearing before Judge Lee, Mr. William Krebs, attorney for the Poindexters, stated that at the September 24, 2008 deposition, the Poindexters produced no further documents. (Tr. Hr'g on Mot. Jun. 29, 2009 21. *SonoMedica Inc. v. Mohler*, 1:08cv230). As such, Magistrate Judge Jones concluded that the Poindexters failed to comply with the subpoena *duces tecum* and this Court agrees.

Magistrate Judge Jones reports that the Poindexters failed to tell the truth during their September 24, 2008 depositions.

8

The record is sufficient to demonstrate that Mr. Poindexter
failed to tell the truth during his September 24, 2008
depositions.  Magistrate Judge Jones' finding of being less than
truthful during the September 24, 2008 depositions hinged on the
inconsistency of Mr. and Mrs. Poindexter's testimony about
merely touching the computer and the evidence that files had
been deleted from the computer. (R&R 4-5.)  Mrs. Poindexter
alleges that after Magistrate Judge Jones' order, she used a USB
thumb drive to copy the "my documents" folder on the home
computer.  Ms. Karen A. Schuler,[3] of Intelligent Discovery
Solutions, indicates that using a USB thumb drive to copy files
under certain circumstances deletes and alters electronic files.
(Aff. of Karen Schuler 5 at ¶ 3.)  Forensic expert, Jesse M.
Lindmar of Sensei Enterprises, Inc., agrees that he cannot
conclusively confirm that the electronic files were manually
deleted from the computer.  (Aff. of Jesse Lindmar ¶ 3.)  Mrs.
Poindexter's failure to disclose that the she allegedly copied
files during her deposition reflects on her credibility.  Mr.
Poindexter alleges that he did not know Mrs. Poindexter
allegedly copied files.  (Tr. of Obj. to Report & Recommendation
at 47, *SonoMedica Inc. v. Mohler*, 1:08cv230.)

---

[3] Ms. Schuler is a computer forensic expert retained by counsel
for the interested parties Kerry Poindexter and Valerie
Poindexter.

9

Therefore, because Mrs. Poindexter was not asked if she "touched" the computer the court holds that Mrs. Valerie Poindexter did not fail to tell the truth during her deposition.

However, Mr. Poindexter's testimony that he did not play a major role in facilitating the Mohler SonoMedica transactions is demonstrably false because the record contains evidence including Mr. Poindexter's presence at the meetings between the negotiating parties and an e-mail between Mr. Poindexter and Mr. Litman requesting a 10% finders fee for setting up the deal to sell the technology in question to Passive Diagnostics. (Pl. Ex. 23.)  This is direct evidence of Mr. Poindexter playing a major role in the facilitation of the deal to sell the technology in question.  Mr. Poindexter was not forthright and honest about his involvement of his role in the negotiations when asked during his deposition. (Pl. Ex. 4: K.Poindexter Tr. at 52-73.)  Therefore, this Court finds that Mr. Poindexter was not truthful during his September 24, 2008 deposition and failed to comply with Magistrate Judge Jones' order.

Magistrate Judge Jones reports that the Poindexters did not comply with the magistrate judge's order concerning the computer.  Judge Jones stated in unequivocal terms,

> "[T]hey may not touch the computers except to turn them off between now and then.  They may not do anything that would cause any file to be erased on the computer or changed in any way beyond what might happen through the ordinary, everyday act of turning off the computer."

Tr. Hr'g on Mot. Sept. 12, 2008 8. *SonoMedica Inc. v. Mohler*,
1:08cv230.  The computer was not turned off until four o' clock
a.m. the day the computer was to be turned over to SonoMedica's
Mr. Lieberman. (Aff. of Jesse Lindmar ¶ 4.)   During the time
between the court order and the day the computer was turned
over, 556 files were deleted.  (*Id.*)   The Poindexters each
stated that neither of them deleted files from their computer.
(Pl. Ex. 5: V.Poindexter tr. 10-15.) (Pl. Ex. 4: K.Poindexter
Tr. At 19-24.)   However, these statements are incongruent with
the analysis of Sensei Enterprise's forensic computer examiner
Mr. Lindmar, who examined the Poindexter's computer hard drive
and concluded that approximately 22,603 files/folders were
affected and 556 files were deleted manually by the computer's
user between the time periods of September 12, 2008 through
September 15, 2008.   (Aff. of Jesse Lindmar ¶ 4.)   Many of the
deleted files Sensei recovered referenced SonoMedica.   (Aff. of
Michael Barnsback ¶ 4.)   In the hearing on this matter before
Judge Lee on June 29, 2009, the Poindexters argued that the
files were not deleted manually and that when the Poindexters
inserted a thumb drive into the computer to copy files from the
computer, it created shadow files that were subsequently deleted
once the thumb drive was removed.   (Tr. of Obj. to Report &
Recommendation at 9, *SonoMedica Inc. v. Mohler*, 1:08cv230).   Mr.

Lieberman concedes that this argument is consistent with their forensic examiner's analysis. *Id.* at 47. The evidence is equipoise and the court cannot make a determination on whether the Poindexters manually deleted files from the computer. However, even if the Court accepts the Poindexters' argument regarding shadow files, the fact remains that the Poindexters still altered the contents of the computer and used it in direct defiance to Magistrate Judge Jones' Court September 12, 2008 Order.

SonoMedica suffered harm as a result of the Poindexters' behavior by being required to engage in a wide reaching forensic examination of the Poindexter's computer hard drive expending time, resources, and money in an effort to uncover the truth. For the reasons stated above the Court adopts Magistrate Judge Jones' findings in the May 6, 2009 Report and Recommendation and finds the Poindexters' in contempt of court because the Poindexters' acted in defiance to Magistrate Judge Jones' September 12, 2008 Order by failing to comply with the subpoena *deuces tecum*, Mr. Poindexter failed to tell the truth during his second deposition, and the Poindexters altered the contents of their computer.

## ii. Criminal Contempt

The Court adopts the recommendation of Magistrate Judge Jones and refers this case to the United States Attorney to investigate and determine whether to initiate criminal contempt charges against the Poindexters because the Poindexters willfully disobeyed a direct court order.  Criminal contempt sanctions are intended "to vindicate the authority of the court by punishing the contemnor and deterring future litigants' misconduct." *Buffington v. Baltimore County*, 913 F.2d 113, 133 (4th Cir. 1990).  The failure of a party to comply with a court order rises to the level of criminal contempt only where the order is "definite, clear, specific" and the party in question "willfully, contumaciously, and intentionally" violated the order.  *Ashcraft* 218 at 299 (4th Cir. 2000).  Magistrate Judge Jones issued a definite, clear, and specific court order on September 12, 2008.  The Poindexters violated the Court September 12, 2008 Order by failing to: (1) comply with the subpoena; (2) tell the truth at the subsequent deposition; and (3) failing to turn over the computer without altering files contained on the hard-drive.  Magistrate Judge Jones determined that the Poindexter's conduct was done with willful and intentional defiance to the Court's September 12, 2008 Order. This Court agrees with Magistrate Judge Jones' recommendation to

recommend to the United States Attorney to investigate into the matter of criminal contempt for the reasons articulated.

### iii. Attorney's Fees

The Court adopts Magistrate Judge Jones' recommendation regarding the award of attorney's fees because the Poindexters produced no evidence to suggest that the attorney's fees were not reasonably necessary to uncovering the truth buried by the contemptuous behavior of the Poindexters.

After finding that a party is in civil contempt, the Court has broad discretion is fashioning an appropriate remedy, which can include "ordering the contemnor to reimburse the complainant for losses sustained and for reasonable attorney's fees." *Buffalo Wings Factory, Inc. v. Mohd*, 574 F. Supp. 2d 574, 577 (E.D.Va. 2008) (quoting *United States v. United Mine Workers of Am.*, 330 U.S. 258, 303-04 (1947)).

SonoMedica's attorney has already provided calculations of service in conjunction with the costs associated with the first deposition, the September 24, 2008 deposition, the Motion to Show Cause Filed Against Valerie and Jerry Poindexter and Overflow Properties, costs and attorney's fees in connection with Plaintiff's Motion to Lift Stay and Sanctions, other costs related to the Poindexters, the cost of the forensic examiner, and other court fees. (R&R 9-11.) The total amount due

14

including all fees and costs is $108,212.15.  The Poindexters do
not challenge the fee rate or the hours expended on the services
provided.  (Tr. of Obj. to Report & Recommendation at 58-59,
*SonoMedica Inc. v. Mohler*, 1:08cv230.

Both parties briefed this issue and the Poindexters did not
produce any evidence that the fees sought were not reasonably
necessary.  Forensic examinations are not a routine part of
discovery.  SonoMedica's concerns about Mr. Poindexter's
veracity and compliance with the subpoena was substantially
confirmed by a costly examination and multiple motions caused by
the Poindexters' recalcitrant production.  The attorney's fees
are reasonable and Magistrate Judge Jones' recommendation is
affirmed.

### III. CONCLUSION

The Court accepts Magistrate Judge Thomas Rawles Jones'
recommendations.  The Court adopts Magistrate Judge Jones'
Report and Recommendation with regards to finding the
Poindexters in civil contempt because the Poindexters failed to
comply with the subpoena; Mr. Poindexter failed to tell the
truth in their September 24, 2008 depositions; and failed to
turn over the computer without altering files contained on the
hard-drive.  The Court refers the matter to the United States
Attorney to investigate possible criminal sanctions because the

Court finds that the Poindexters willfully, contumaciously, and intentionally violated the Court's September 12, 2008 Order and a criminal contempt sanction would vindicate the authority of the Court by punishing the contemnor and deterring future litigants' misconduct.  The Court adopts Magistrate Judge Jones' recommendation regarding attorney's fees because the Poindexters produced no evidence to suggest that the attorney's fees incurred by SonoMedica's attorneys were unreasonable or unnecessary.

For the foregoing reasons, it is hereby

ORDERED that Kerry and Valerie Poindexter are found to be in contempt of court.  It is further

ORDERED that Mr. Kerry Poindexter, Mrs. Valerie Poindexter, and Overflow Properties, jointly and severally pay attorney's fees and costs to SonoMedica in the amount of $108,212.50.  It is further

ORDERED that the United States Attorney investigate the possibility of criminal sanctions.

The Clerk is directed to forward a copy of this Order to counsel.

Entered this **20th** of July, 2009

_____/s/_____
Gerald Bruce Lee
United States District Judge

Alexandria, Virginia
7/ **28**/09

17